AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*March 10, 2021*

Nathan Ochsner, Clerk of Court

United States of America
v.
Gustavo GOMEZ-Valenzuela

)
)
)
)
)
)
)

Case No. **4:21mj0512**

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 8 & 9, 2021** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 554 and 922(g)(5) | attempting to export or facilitate the transportation of ammunition from the United States; possession of ammunition by an alien unlawfully present in the U.S. that was transported in interstate commerce. |

This criminal complaint is based on these facts:
See "Affidavit."

☑ Continued on the attached sheet.

*Complainant's signature*

Jarod W. Cardona, Special Agent
*Printed name and title*

Telephonically sworn to before me and signed.

Date: 03/10/2021

*Judge's signature*

City and state: Houston, Texas

Andrew M Edison, United States Magistrate Judge
*Printed name and title*

## Attachment A

I, ATF Special Agent Jarod Cardona, being duly sworn and deposed, state the following:

I am a Special Agent employed by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives assigned to the Houston Field Division, Group VIII and have been so employed since 2009. During this time, I have conducted and participated in numerous investigations concerning the illegal possession of firearms, Federal controlled substance conspiracy laws, and the commission of violent crimes, to include home invasion robbery investigations. During my employment as an ATF Special Agent, I have received specialized training regarding, and have personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.

This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint alleging that **Gustavo GOMEZ-Valenzuela** knowingly attempted to export and send from the United States, any merchandise, article, or object, that is: ammunition, contrary to the laws and regulations of the United States, to wit: Title 50, United States Code, Section 4819(a)(2) and (b), or receive, conceal, buy, sell, and did in any manner facilitate the

transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation to attempted to export or cause to be exported; namely ammunition; and possession of ammunition by a prohibited person in violation of Title 18, United States Code, Sections 554 and 922(g)(5). Based upon personal knowledge and information I have received from other law enforcement investigators; I am aware of the following facts:

1. Investigators identified "GUSTAVO" as **Gustavo GOMEZ-Valenzuela** (hereafter referred to as GUSTAVO), a Mexican national with no legal status in the United States. **GUSTAVO**, a convicted federal felon, is currently living in Houston, Texas. Through debriefs with co-defendants, investigators learned that **GUSTAVO** is living at 13917 Aldine Westfield Road in Houston, TX.

2. On January 8, 2021, while conducting surveillance, ATF agents observed an eighteen-wheeler at the residence of **GUSTAVO** located at 13917 Aldine Westfield Road, in Houston, TX. This is a location provided by a cooperating defendant as the current home of **GUSTAVO**.

3. This eighteen-wheeler, bearing US DOT number 2384053 and TX DOT number 006712603C was subsequently stopped by a Houston Police Department marked unit on US-59 for a Department of Transportation Inspection. The driver, identified as Jorge VELA, a Mexican national and previously convicted felon, gave consent to search the vehicle. During the consensual search of the vehicle officers located five ammunition boxes containing approximately nine hundred and fifty (950) rounds of .50 caliber ammunition.

4. VELA was detained, read his Miranda warnings, which VELA freely and voluntarily waived, and agreed to give a statement to investigators. VELA advised he had been contacted by a subject in Mexico, "JUNIOR," who knew he was picking up a cargo load in

Houston, Texas. According to VELA, "JUNIOR," asked VELA to pick up several boxes from **GUSTAVO** that he would then bring back to Laredo, TX which would later be smuggled into Mexico.

5. VELA advised that during his trip from Laredo, TX to Houston, TX he made contact with **GUSTAVO** several times via phone to advise he was on the way. On the aforementioned date VELA met with **GUSTAVO** at 13917 Aldine Westfield Road, Houston TX and was provided with the five ammunition boxes by **GUSTAVO**. VELA stated **GUSTAVO** told him to drive to the Home Depot on Santa Bernardo Blvd in Laredo (located adjacent to the above Walmart) and to call him when he arrived. **GUSTAVO** advised someone would meet VELA to obtain the ammunition boxes and that the boxes would then be crossed into Mexico for "JUNIOR."

6. On January 9, 2020, VELA was accompanied by various agents with ATF Houston to Laredo, TX in an attempt to make a controlled delivery. During the trip to Laredo, VELA made several controlled and recorded phone calls to **GUSTAVO** and JUNIOR (who according to VELA resides in Mexico) in an effort to get contact information for the unknown party who would be picking up the ammunition in Laredo.

7. During one of these calls, VELA made contact with JUNIOR and asked where he would be dropping off the boxes of ammunition. JUNIOR's responses are inaudible on the recording though VELA could be heard saying *"where do I drop these boxes, the ones from Tavo (aka: **GUSTAVO**).........he didn't tell me, he's not answering........I think they are for you. I need someone to pick them up because I'm almost in Laredo*. At one point during the recording JUNIOR is overheard telling VELA he would call him back.

8. Shortly thereafter, VELA made contact with **GUSTAVO** and informed he was 20 minutes away from Laredo. **GUSTAVO** instructed VELA to call *"the guy"* after **GUSTAVO**

agreed to send VELA a phone number of the contact who would be receiving "*the boxes*". Minutes later, **GUSTAVO** sent VELA a phone number with a Mexico prefix with the name "*Borrado*." VELA immediately called the aforementioned Mexico phone number and informed an unknown male (presumed to be BORRADO) that the boxes of ammunition were ready to be picked up. BORRADO asked who he was speaking with and VELA stated "*on behalf of TAVO*" (aka: **GUSTAVO**). BORRADO stated he would pass his (VELA's) number along to the person(s) who would pick up the boxes.

9. Approximately one hour later, VELA missed a phone call from an unknown Laredo area phone number and returned the call. An unknown male answered the phone and asked VELA if he had the "*Barrett bullets*" (**NOTE**: the Barrett rifle uses .50 caliber ammunition, similar to the ammunition VELA was attempting to deliver). The unknown male and VELA agreed to meet at the Home Depot located in Laredo, TX as previously discussed between VELA and **GUSTAVO.**

10. ATF agents and officers, along with the Laredo Police Department, conducted mobile surveillance of the ammunition transaction between VELA and unknown Hispanic males. After this transaction was made, VELA called **GUSTAVO** to inform the delivery had been made.

11. On December 23rd, 2020 and within the Southern District of Texas, United States Magistrate Judge Peter Bray signed a court order authorizing a Pen Register on a phone number being utilized by **GUSTAVO** (832-801-8861). The information derived from the Pen Register is consistent with the information VELA provided regarding his phone contacts with **GUSTAVO**. Additionally, agents ascertained that **GUSTAVO** had also been in frequent contact with a Mexican phone numbers identified as belonging to JUNIOR and BORRADO before, during, and after the seizure of ammunition from VELA.

12. Agents discussed the origin of the .50 caliber ammunition with ATF Nexus expert Special Agent M. Badowsky who stated that ammunition was manufactured in the state of Missouri, therefore its presence in Texas confirmed it had been transported in interstate commerce.

13. Based upon the foregoing information and my training and experience I believe information has been presented which supports a request for the issuance of an arrest warrant for **Gustavo GOMEZ-Valenzuela** for violation of Title 18, United States Code Sections 554 and 922(g)(5), Smuggling Goods From the United States and Possession of Ammunition by a Prohibited Person.

Jarod Cardona
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to and subscribed telephonically to me this 10th day of March, 2021 and I hereby find probable cause.

Andrew M. Edison
United States Magistrate Judge

14.